**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

MARCI HEATH and MATTHEW )   No. CV-08-1300-PHX-GMS
HEATH, Arizona residents, as parents of )
EMILY HEATH, an Arizona resident and )   **ORDER**
their daughter, and as individuals, )
                                     )
            Plaintiffs, )
                                     )
vs. )
                                     )
                                     )
PEORIA UNIFIED SCHOOL DISTRICT )
NO. 11, an Arizona school district, )
                                     )
            Defendant. )
_____ )

        Pending before the Court is the Motion for Summary Judgment of Plaintiffs Marci and Matthew Heath.  (Dkt. # 8.)  For the following reasons, the Court grants Plaintiffs' motion and awards Plaintiffs $26,208.68 in attorneys' fees and costs.

**BACKGROUND**[1]

        Emily Heath is the daughter of Plaintiffs Matthew and Marci Heath.  Emily has a history of behavioral and emotional disturbances, including bipolar disorder and reactive attachment disorder.  In 2002, Plaintiffs enrolled Emily as a kindergarten student in

_____

        [1]Plaintiffs have requested oral argument.  The request is denied because the parties have thoroughly discussed the law and the evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

Defendant Peoria Unified School District No. 11.  At some point during the school year, Emily was enrolled in Defendant's special-education program.  Beginning in 2006, Plaintiffs assert that Emily's behavioral problems at school worsened to the extent that it became necessary to place her in a treatment center.  On January 31, 2007, Plaintiffs enrolled Emily at Villa Santa Maria, a New Mexico treatment facility.

Plaintiffs thereafter filed a due process complaint and a demand for due process hearing on December 18, 2007, under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1482.  The complaint demanded the following: (1) "Classify Emily Heath's primary disability as 'Emotional Disturbance' [].  Her present [individualized educational program ("IEP")] incorrectly has her primary disability as 'Other Health Impairment' (OHI)"; (2) "Pay for all of Emily Heath's out-of-District placement and tuition costs at Villa Santa Maria, New Mexico.  She is entitled to that as part of a free appropriate public education"; and (3) "Cease claiming that Emily Heath has been dis-enrolled" and "[a]cknowledge that Emily Heath is now and continuously has been an enrolled student of the District."  (Dkt. # 12 Ex. 3 at ii, 35.)

Plaintiffs' claims were tried in a three-day due process hearing before an Administrative Law Judge ("ALJ") on February 11-13, 2008.  The ALJ did not reach the first claim of Plaintiffs' complaint because Defendant had changed Emily's eligibility category to "Emotionally Disabled" ("ED") prior to the ALJ's decision.  (Dkt. # 1 Ex. 2 at 5.)  The ALJ did note, however, that the "ED category better describes [Emily's] condition, but there is no evidence showing that [Emily] failed to get education or services that she was otherwise entitled to because of her OHI category of eligibility."  (*Id.*)  Plaintiffs failed to prevail on the third claim, as the ALJ ruled that Plaintiffs' decision to withdraw Emily meant "ipso facto that [Emily] was no longer enrolled."  (Dkt. # 1 Ex. 2 at 14 n.109.)  The main issues addressed by the ALJ pertained to Plaintiffs' second claim and were: (a) whether Plaintiffs were entitled to remuneration from Defendant for all or part of the expense of educating Emily at Villa Santa Maria after removing her from public school and her IEP; and (b) whether, at this time, placement at Villa Santa Maria was the only appropriate place for

1   Emily to receive a free appropriate public education ("FAPE").  Issue (a) required a

2   determination of whether Defendant offered Emily a FAPE, whether Plaintiffs' placement

3   of Emily in Villa Santa Maria was appropriate, and whether Plaintiffs gave proper notice of

4   Emily's removal to Defendant.  The ALJ found that Defendant had not offered a FAPE to

5   Emily and that the treatment center was an appropriate place for her.  The ALJ, however,

6   found that Plaintiffs had not given adequate notice of their intention to seek residential

7   treatment at public expense to Defendant.  The ALJ did not address whether Villa Santa

8   Maria was the only appropriate place for Emily to receive a FAPE.  Based on his findings,

9   the ALJ ordered Defendant to contribute fifty percent of Emily's Villa Santa Maria tuition

10  cost for an eighteen month period.

11      On July 15, 2008, Plaintiffs filed a complaint with the Court seeking attorneys' fees

12  and costs related to their IDEA case.  On August 29, 2008, Plaintiffs filed a motion for

13  summary judgment seeking a ruling that they were the prevailing party and are thus entitled

14  to attorneys' fees and costs under IDEA.

15                                    **DISCUSSION**

16  **I.      Summary Judgment Standard**

17      A court must grant summary judgment if the pleadings and supporting documents,

18  viewed in the light most favorable to the nonmoving party, "show that there is no genuine

19  issue as to any material fact and that the moving party is entitled to judgment as a matter of

20  law."  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986);

21  *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994).  Substantive law

22  determines which facts are material, and "[o]nly disputes over facts that might affect the

23  outcome of the suit under the governing law will properly preclude the entry of summary

24  judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Jesinger*, 24 F.3d

25  at 1130.

26

27

28

## II.     Analysis

IDEA provides that states electing to receive federal financial assistance to aid the education of children with disabilities must have polices and procedures in effect to provide disabled children with a FAPE through the creation of an IEP.  20 U.S.C. § 1412(a).  If a parent is dissatisfied with her student's IEP, she has the opportunity to present complaints regarding "any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child."  20 U.S.C. § 1415(b)(6)(A).  If a parent believes that the public school system has denied her child an appropriate education, she may pursue mediation, an "impartial due process hearing," and an appeal to the state educational agency.  20 U.S.C. § 1415(e), (f), (g).  After pursuing an administrative proceeding, "[i]n any action or proceeding brought under [IDEA], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability."  20 U.S.C. § 1415(i)(3)(B)(I).  The parties do not challenge the ALJ's decision on the merits.  This action is concerned solely with attorneys' fees and costs.

Plaintiffs contend that they were the prevailing party in the administrative proceeding.  Defendant does not concede this point, but fails to present any facts or arguments to the contrary.  Prevailing parties under the statute are parties that "'succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.'"  *Parents of Student W v. Puyallup Sch. Dist.*, 31 F.3d 1489, 1498 (9th Cir. 1994) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  In order to claim attorneys' fees and costs, the success of the prevailing party must materially alter the parties' legal relationship and cannot be technical or de minimis.  *Id.* (internal citations omitted).

In this case, there is no genuine issue of fact as to whether Plaintiffs are the prevailing party for the purpose of awarding fees and costs.  It is undisputed that Plaintiffs have succeeded on a significant issue "which achieves some of the benefit the parties sought in bringing the suit."  *Id.*  The ALJ found that Plaintiffs "have met the threshold issues for their reimbursement claim. . . . [The] parents have [established] that [Peoria Unified] School

1    District failed to offer [Emily] a FAPE."  (Dkt. # 1 Ex. 2 at 25.)  Showing that a student is

2    denied a FAPE "is the most significant of successes possible under the Individuals with

3    Disabilities Education Act."  *Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1036

4    (9th Cir. 2006).  It is also undisputed that part of the benefit sought was "all or part of the

5    expense of educating [Emily] at a private residential treatment facility."  (Dkt. # 1 Ex. 2 at

6    2.)  Plaintiffs have been awarded this benefit in part.  The ALJ held that Defendant and

7    Plaintiffs "shall share the tuition cost for Emily's private residential placement, up to 18

8    months, on a 50/50 basis, each party bearing 50% of that tuition cost." (Dkt. # 1 Ex. 2 at 27.)

9    Therefore, as prevailing parties, Plaintiffs are entitled to an award of attorneys' fees and costs

10   as a matter of law.  *Puyallup*, 31 F.3d at 1498.

11          Plaintiffs contend that they are entitled to attorneys' fees of $48,015.00 and costs of

12   $10,889.93 for a total of $58,904.93.  Defendant argues that this amount should be reduced

13   because: (1) attorneys' fees cannot be awarded for attendance and preparation for IEP

14   meetings and resolution sessions; (2) costs cannot be awarded for expert witness and

15   consultant costs; (3) the amount should not include fees incurred in pursuing unsuccessful

16   motions for sanctions; (4) Plaintiffs were only marginally successful; (5) Plaintiffs

17   unreasonably protracted the final resolution of the case; (6) Plaintiffs failed to give adequate

18   notice to Peoria Unified School District; (7) the conduct of Plaintiffs' attorney was

19   inflammatory; and (8) Plaintiffs' fee rate is unreasonable.  (Dkt # 11 at 9-13.)

20          First, Defendant argues that the $4,980.00 charged by Plaintiffs for attending and

21   preparing for IEP meetings and resolution sessions cannot be awarded.  (Dkt. # 11 at 10.)

22   In their reply, Plaintiffs concede that these fees should be deducted.  (Dkt. # 14 at 8.)

23   Accordingly, such expenses will not be included in Plaintiffs' award.

24          Second, Defendant argues that Plaintiffs are not entitled to the $5,835.00 incurred in

25   hiring expert witnesses and consultants.  Expert and consultant costs are not recoverable

26   under IDEA.  *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 300 (2006).

27   Therefore, these costs are not recoverable and will not be awarded as costs.

28

1    Third, Defendant argues that the requested fee award should be reduced by $1,215.00

2 because this amount of fees was incurred in litigating Plaintiffs' unrelated and unsuccessful

3 motions for sanctions.  The Court agrees with Defendant that fees should not be awarded for

4 time spent on unsuccessful motions for sanctions.  The three entries relating to sanctions are

5 February 4, 2008, February 22, 2008, and February 28, 2008. (Dkt. # 1 Ex. 1 at 12-13.) Two

6 of these entries indicate that Plaintiffs' counsel was working on both motions for sanctions

7 and other matters during these time periods.  (*Id*.)  The Court will reduce the requested fee

8 award for these two entries by half, and for the third entry in total.  Therefore, the Court

9 reduces Plaintiffs' requested fee award by $727.50.

10    Defendant's fourth argument is that Plaintiffs' requested fee award should be reduced

11 because Plaintiffs were only marginally successful.  (Dkt. # 11 at 11.)  Under IDEA, the

12 degree of success obtained is relevant to the attorneys' fees awarded. *Aguirre v. L.A. Unified*

13 *Sch. Dist.*, 461 F.3d 1114, 1121 (9th Cir. 2006).  While the level of success must be

14 considered in the determination of appropriate attorneys' fees, "there is no precise rule or

15 formula for making these determinations." *Id.* (quoting *Hensley*, 461 U.S. at 436-37).

16 Defendant argues that because Plaintiffs' notice of claims letter asked for $1,500,000.00, and

17 Plaintiffs were only awarded $61,500.00, Plaintiffs were only partially successful.  However,

18 it is not "necessarily significant that a prevailing plaintiff did not receive all the relief

19 requested," *Hensley*, 461 U.S. at 435 n.11, and in this case the amount of the award is not

20 necessarily significant in determining the level of success.  As stated above, a determination

21 that a student was denied a FAPE "is the most significant of successes possible under the

22 Individuals with Disabilities Education Act." *Park*, 464 F.3d at 1036.  Plaintiffs succeeded

23 in proving that "the IEP did not offer [Emily] a FAPE," and that "Villa Santa Maria was an

24 appropriate placement." (Dkt. # 1 Ex. 2 at 25.)  Plaintiffs, however, did not succeed on the

25 issue of adequate notice, and the ALJ reduced Plaintiffs' award by half.  (*Id.*)  Nor did

26 Plaintiffs prevail on their "enrollment" claim.

27    "The district court may attempt to identify specific hours that should be eliminated,

28 or it may simply reduce the award to account for the limited success.  The court necessarily

has discretion in making this equitable judgment." *Hensley*, 461 U.S. at 436-37. After reviewing the record, the Court reduces the remaining amount of requested fees by half. Therefore, the requested fee award is reduced by $21,153.75.

Fifth, Defendant contends that attorneys' fees should be reduced because Plaintiffs unreasonably protracted the final resolution of the case by persisting in the litigation of claims on which Defendant succeeded. (Dkt. # 11 at 12.) The Court has already adequately taken Plaintiffs' unsuccessful claims into account and declines to reduce the award further on this basis.

Sixth, Defendant argues that the conduct of Plaintiffs' attorney was "unnecessary and inflammatory" and that his award of attorneys' fees "are barred by equity" and should be reduced or denied entirely. (*Id.*) Specifically, Defendant argues that Plaintiffs' attorney displayed disrespectful and gratuitous sarcasm in his correspondence with the Defendant. (*Id.*) Certainly, neither counsel's conduct in this case was a model of civility or professionalism, but in light of the other reductions already made the Court declines to further reduce the fee award.

Seventh, Defendant argues that under IDEA the Court should reduce attorneys' fees based on inadequate notice. The Court, however, has already considered the issue of notice in its analysis of overall success and declines to reduce the award further.

Eighth, Defendant argues that Plaintiffs' attorneys' fees are unreasonable. The Ninth Circuit has adopted twelve criteria that a court must utilize in making a determination of attorneys' fees:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).  "The *Kerr* analysis is a variation of the lodestar analysis in that each of the *Kerr* factors is relevant to determining whether the number of hours or the hourly billing rate . . . are reasonable in a particular case." *M.L. v. Fed. Way Sch. Dist.*, 401 F. Supp. 2d 1158, 1169 (W.D. Wash. 2005).  While a court does not need to discuss each of the factors, it must discuss "those most relevant to the particular case."  *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988) (citing *Kessler v. Assoc. Fin. Servs. Co.*, 639 F.2d 498 (9th Cir. 1981)).  The factors that are relevant to this case are: the novelty and difficulty of the questions involved; the skill requisite to perform the legal service properly; the customary fee; the experience, reputation, and ability of the attorneys; and awards in similar cases.  Plaintiffs are requesting a fee of three hundred dollars per hour**.**  While this is a generous rate, the Court has considered these factors and does not find, under the circumstances, that it is beyond what is reasonable.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Summary Judgment (Dkt. # 8) is **GRANTED**.  The Court awards $21,153.75 in attorneys' fees, and $5,054.93 in costs to Plaintiffs.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to **TERMINATE** this matter.

DATED this 18th day of December, 2008.

G. Murray Snow
United States District Judge